United States District Court
Central District of California

JS-6

FILED
CLERK, U.S. DISTRICT COURT
JUN 21, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Magnum Property Investments LLC,

          Plaintiff,

v.

Naqvi Mussawar, et al.,

          Defendants.

LACV 18-5192-VAP (SKx)

**Order Granting Plaintiff's Ex Parte Application and Remanding Case and Denying Plaintiff's Request for Attorney's Fees**

On April 20, 2018, Plaintiff Magnum Property Investments, LLC ("Plaintiff"), filed a Complaint in the California Superior Court for the County of Los Angeles for Unlawful Detainer against Defendants Naqvi Mussawar and Does 1-10, in case number 18NWUD0953. (See Ex. 1 to Not. of Removal, pp. 9-13 (Doc. No. 1).) On June 12, 2018, Defendant Ethan Jennings, appearing pro se, removed the action to this Court. (See Doc. No. 1.) On June 14, 2018, Plaintiff filed a Motion to Remand Case to California Superior Court and requested that the Court award Plaintiff attorney's fees in connection with Defendant's removal. (Doc. No. 7.) After reviewing and considering all papers filed in support of Plaintiff's Motion and Application, the Court REMANDS this action to state court and DENIES Plaintiff's request for attorney's fees.

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction,

1

ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant has offered no legitimate basis for removal. This is an unlawful detainer action. The Complaint only asserts a claim for unlawful detainer, "a cause of action that is purely a matter of state law," Galileo Fin. v. Miin Sun Park, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *2 (C.D. Cal. Sept. 24, 2009), and there is no federal statute or case law cited in the Complaint, see generally Doc. No. 1 at 9-13. "Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists." Id.; see also IndyMac Fed. Bank, F.S.B. v. Ocampo, No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Nor is there a basis for diversity jurisdiction as the Complaint clearly states that the matter in controversy does not exceed $10,000. Doc. No. 1 at 11; see 28 U.S.C. § 1332(a)

(noting that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000").

In his Notice of Removal, Defendant contends that the Court has federal question jurisdiction under the "Protecting Tenants at Foreclosure Act 2009." (Doc. No. 1 at 2.) This contention, however, is belied by the Complaint, which demonstrates that this is an unlawful detainer action that is purely within the purview of the state court. Defendant thus has not met his burden of establishing that the case is properly in federal court. <u>Gaus</u>, 980 F.2d at 566. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Los Angeles. Moreover, the Court, in its discretion, finds that an award of attorney's fees is not appropriate at this time. Nevertheless, although the Court declines to award attorney's fees to Plaintiff's counsel at this juncture, the Court cautions Defendant that future attempts to remove this action may be grounds for monetary sanctions and an award of attorney's fees to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: 6/21/18

Virginia A. Phillips
Chief United States District Judge